UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LANDRUM BREWER SHETTLES JR. and
RAYMOND SPRINGBORG,

                Plaintiffs,

-against-

ABT LIMOUSINE SERVICE, INC.,
GEORGE ABT, SR., GEORGE ABT, JR., and
PATRICIAN ANNE ABT,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2021

1:20-cv-05489-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    The Court has received a letter from the parties regarding a dispute over a proposed protective order in this Fair Labor Standards Act ("FLSA") case. [ECF No. 29.] Plaintiffs oppose the entry of a protective order as unnecessary. [ECF No. 29 at 2.] Defendants request that the Court hold a conference to address the issue. [ECF No. 29 at 4.]

    Federal Rule of Civil Procedure 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." "[T]he burden is upon the party seeking non-disclosure or a protective order to show good cause." *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) (quoting *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 391 (2d Cir. 1981)). "[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection." *In re Agent Orange Pod. Liab. Litig.*, 821 F.2d 139, 145–46 (2d Cir. 1987) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984)). Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (collecting cases); *see also Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 459 (S.D.N.Y. 2019) ("Good

1

cause is established by 'demonstrating a particular need for protection.'" (quoting *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010))).

Defendants have not shown good cause for a protective order. Defendants argue that the Initial Discovery Protocols for FLSA Cases Not Pleaded as Collective Actions provide for the use of interim protective orders. [ECF No. 29 at 3.] But such protocols are not binding on the Court and do not supersede Rule 26. *See* Federal Judicial Center, Initial Discovery Protocols for Fair Labor Standards Act Cases Not Pleaded as Collective Actions 1 (2018), *available at* https://nysd.uscourts.gov/sites/default/files/practice_documents/lgsInitialDiscoveryProtocolsForFairLaborStandardsAct.pdf ("The Initial Discovery Protocols are designed to be implemented on an individual basis by judges throughout the United States District Courts.").

The only basis Defendants offer for their request is that "protective orders are routinely approved in FLSA cases" and that an interim protective order is "suitable and appropriate" "to permit the early and efficient document exchange despite sensitive, personal protected information." [ECF No. 29 at 3.] Defendants' "conclusory statement[s], unsupported by any particular and specific demonstration of fact," are insufficient to demonstrate good cause. *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006).

As Plaintiffs explain, and as shown in the attached correspondence between counsel, Defendants have not identified any specific documents or information that would be covered by the proposed protective order. [ECF No. 29 at 3.] Defendants claim that "some documents *may* contain sensitive, proprietary information." [ECF No. 29 at 3–4.] Indeed, Defendants concede that the proposed protective order is simply "a catch all, just in case there is confidential information that is not redacted." [ECF No. 29-1 at 2.] Rule 26 demands more for a protective order. *See, e.g.*, *U2 Home Entm't, Inc. v. KyLin TV, Inc.*, No. 06-CV-2770 (DLI), 2008 WL

1771913, at *2 (E.D.N.Y. Apr. 15, 2008) (finding no good cause for protective order where defendants simply "assert[ed], in conclusory and unsworn fashion, that the information at issue here 'is routinely the subject of protective orders'"); *see also Kent v. N.Y. State Public Emps. Fed'n, AFL-CIO*, No. 1:17-CV-268 (GTS/CFH), 2019 WL 457544, at *5 (N.D.N.Y. Feb. 5, 2019) ("As the defendants fail to identify a clearly defined and serious injury . . . in the absence of a protective order, and instead rely on conclusory and speculative statements for its need, they have not met their burden and the request is denied." (citing *Chevron Corp. v. Donzinger*, 325 F. Supp. 3d 371, 387 n.58 (S.D.N.Y. 2018))); *Schiller v. City of New York*, Nos. 04 Civ. 7922 KMK JCF, 04 Civ. 7921 KMK JCF, 2007 WL 136149, at *11 (S.D.N.Y. Jan. 19, 2007) (finding that a vague, "conclusory statement, without further factual support, is insufficient to demonstrate good case for a protective order").

Accordingly, Defendants' request for entry of a protective order or for a conference on this matter is denied without prejudice to renewal upon a proper showing of good cause.

**SO ORDERED.**

Date: **February 5, 2021**
     **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**