```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LANDRUM BREWER SHETTLES JR. and RAYMOND
SPRINGBORG,

                          Plaintiffs,

                    -against-

ABT LIMOUSINE SERVICE, INC., GEORGE ABT, SR.,
GEORGE ABT, JR., and PATRICIAN ANNE ABT,

                          Defendants.

---

1:20-cv-05489-MKV

SCHEDULING ORDER

MARY KAY VYSKOCIL, United States District Judge:

The Court has received the parties' status letter dated April 23, 2021.  [ECF No. 37.]  As set forth in the Court's Civil Case Management Plan and Scheduling Order, the deadline to complete discovery was April 16, 2021.  [ECF No. 25.]  The parties' letter indicates that they disregarded this deadline on the expectation that they could reach a settlement agreement, which they could not, in violation of the Court's Individual Practice Rules/admonitions.  The parties now request a two-month extension of time to complete discovery.

The Court reluctantly GRANTS the parties' request to extend the deadline to complete discovery.  All discovery shall be completed on or before **June 21, 2021**.  **There will be no further extensions.**

IT IS HEREBY ORDERED that the post-discovery conference scheduled for April 27, 2021, is adjourned to **July 6, 2021, at 11:00 AM**.  The conference will be held telephonically.  To join the conference, dial 888-278-0296 and enter access code 5195844.

On or before **June 22, 2021**, the parties shall submit a joint letter regarding the status of the case.  The letter should include the following information in separate paragraphs:

    a.  a statement of any existing deadlines, due dates, and/or cut-off dates;
    b.  a brief description of any outstanding motions;

c. a brief description of the discovery undertaken and if either party believes any additional discovery needs to be completed;

d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (see Individual Practice Rules ¶4(A)(i));

g. any other issue that the parties would like to address at the conference; and

h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

If either or both of the Parties anticipate filing a motion for summary judgment, that Party's pre-motion letter in anticipation of the motion, accompanied by a Rule 56.1 Statement as required by the Court's Individual Practices, must be filed on or before **June 22, 2021**. The non-moving party must submit a response, along with a Rule 56.1 Counter-Statement, on or before **June 29, 2021**. If both Parties intend to move for summary judgment, they should coordinate their letters and Rule 56.1 statements to ensure only one complete set is filed (*i.e.* two letters, one 56.1 statement, and one 56.1 counterstatement). This may require the Parties to simultaneously file the documents on the same day.

If no summary judgment motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

Any application to modify or extend the dates herein shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended. **Failure to comply with this deadline may result in sanctions, including preclusion of claims or defenses.**

SO ORDERED.

Date:  April 23, 2021
       New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**

2